UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE HERNANDEZ,

                    Plaintiff,                              **DECISION AND ORDER**

        v.                                    1:17-CV-00151 EAW

JOHN DOE #1, *et al.*,

                    Defendants.
_____

## BACKGROUND

Plaintiff Jose Hernandez, an inmate currently confined that at the Sing Sing Correctional Facility, filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. 1).  Upon granting Plaintiff permission to proceed *in forma pauperis*, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed Plaintiff's claims with leave to amend.  (Dkt. 15).  Plaintiff thereafter filed an Amended Complaint.  (Dkt. 16).  Upon screening the Amended Complaint, the Court dismissed several claims and defendants from the case, including all named defendants. (Dkt. 18).  The Court allowed the claims against defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #7 to proceed to service and requested, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), that the New York State Attorney General's Office (the "AG's Office") provide information regarding the identities of the John Doe defendants.  (*Id*.).

- 1 -

On January 25, 2019, the AG's Office provided a response to the Court's request. (Dkt. 19).  The AG's Office explained that it had attempted to identify the John Doe defendants, including by conferring with the deputy superintendent of the Elmira Correctional Facility (where the events complained of occurred), reviewing staffing charts for the relevant dates, and reviewing facility log books for the relevant date.  (*Id*. at 1-2).  "Despite those efforts," the AG's Office was "unable to determine with any degree of certainty the identities of John Does 1, 2, 3, 4 and 7."  (*Id*. at 2).  The AG's Office provided to Plaintiff a copy of an Unusual Incident Report from October 15, 2015, regarding an incident between Plaintiff and another inmate, to assist him in identifying the John Doe defendants.  (*Id*. at 3-34).

 After receiving the Unusual Incident report, Plaintiff did not identify the John Doe defendants or make any other filings in this case.  On January 24, 2020, the Court issued a Decision and Order requiring Plaintiff, within 30 days, to either identify the John Doe defendants based on the information provided in the Unusual Incident Report, or to provide to the Court and the AG's office physical descriptions of the John Doe defendants, as well as any other additional information in his possession that could aid in identification.  (Dkt. 20).

Plaintiff did not comply with the Court's instructions.  Instead, on February 13, 2020, he filed a motion requesting "[c]olor copies of the ID Photos of all correctional staff working at Elmira C.F. on October 14, 2015."  (Dkt. 22 at 1).  Plaintiff stated that he "firmly believes the physical descriptions he would provide regarding the John Doe's would be general, vague and not very helpful to specify a defendant."  (*Id*.).

## DISCUSSION

In *Valentin*, the Second Circuit recognized that the "general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit" is "relaxed . . . in actions brought by *pro se* litigants," particularly those who are incarcerated.  121 F.3d at 75.  The Second Circuit further held that in such cases, the district should assist the plaintiff in obtaining discovery in order to identify unnamed defendants.  *Id.*  However, a plaintiff ultimately "retains the obligation to provide the necessary information to name or identify the defendant and to serve him," *Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009), and a district court may, after appropriate inquiry, determine "that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted," *Valentin*, 121 F.3d at 76.  *See also Lapoint v. Vasiloff*, No. 1:15-CV-185, 2016 WL 951566, at *5 (N.D.N.Y. Mar. 9, 2016) ("[T]he plaintiff is ultimately required to . . . provide sufficient factual basis to allow the defendants to successfully identify the John Doe Defendants and prepare for a defense." (quotation omitted)).

Courts sometimes order the provision of a photo array in order to aid in the identification of John Doe defendants.  However, such orders are generally appropriate only where the plaintiff has provided a physical description of the defendants.  *See, e.g.,* *Coleman v. Cuomo*, No. 9:18-CV-0390 MAD CFH, 2019 WL 257933, at *7 n.3 (N.D.N.Y. Jan. 18, 2019) (noting the plaintiff's two requests for "a photo array of all employees who worked at Clinton C.F. on June 8, 2015" had been denied due to his failure to provide further details regarding the John Doe defendants); *Jean-Laurent v. Hennessy*, No.

05-CV-1155(JFB)(LB), 2008 WL 3049875, at *5 (E.D.N.Y. Aug. 1, 2008) (defendants were ordered to "produce photographs of all officers that fit plaintiff's description of [the] John Doe Officer"); *Davis v. City of Chicago*, 219 F.R.D. 593, 596 (N.D. Ill. 2004) (plaintiffs were required "to provide a physical description of the unknown officers before examining the photographs").

The photo array procedure Plaintiff has requested in this case is overbroad and creates an unreasonable risk that Plaintiff would merely pick officers at random from the photographs presented.  As the Court has already explained, it is Plaintiff's obligation to provide the necessary information to allow accurate identification of the John Doe defendants.  Plaintiff must provide a physical description of the John Doe defendants.  If that physical description is insufficient to permit identification, the Court will consider a renewed request for a photo array, with appropriate safeguards.  *See, e.g., Davis*, 219 F.R.D. at 600 (ordering "production of the photographs on the condition that the examination of the photographic array be conducted under the supervision of an independent, neutral person trained in the proper methods of eyewitness identification").

Accordingly, Plaintiff's motion for a photo array (Dkt. 22) is denied as premature. The Court again orders Plaintiff to, within 30 days of entry of this Decision and Order, provide any additional information to the Court and the AG's Office regarding the John Doe defendants that he possesses, including but not limited to detailed physical descriptions.  If Plaintiff fails to make a submission in accordance with this Decision and Order, his claims will be dismissed for failure to provide information that would allow defendants to be served.  *See Bishop v. City of New York*, No. 13-CV-9203 AJN, 2016 WL

4484245, at *3 (S.D.N.Y. Aug. 18, 2016) ("[I]f a plaintiff is unable to identify defendants after being afforded the opportunity for limited discovery with assistance from the Court, his claims must be dismissed.").

SO ORDERED.


ELIZABETH A. WOLFORD
United States District Judge


Dated:  April 29, 2020
        Rochester, New York