UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE HERNANDEZ,

                    Plaintiff,

          v.

JOHN DOE #1, *et al.*,

                    Defendants.

_____

**DECISION AND ORDER**

1:17-CV-00151 EAW

## BACKGROUND

Plaintiff Jose Hernandez ("Plaintiff"), an inmate currently confined that at the Sing Sing Correctional Facility and previously confined at the Elmira Correctional Facility, filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. 1). The only defendants left in this matter are John Doe defendants. (*See* Dkt. 20 at 1). At the request of the Court (Dkt. 18 at 13), the New York State Attorney General's Office (the "AG's Office") attempted to ascertain the identities of the John Doe defendants but was unable to do so based on the information provided by Plaintiff. (Dkt. 19). The AG's Office provided Plaintiff with a copy of an Unusual Incident Report from October 15, 2015, regarding an incident between Plaintiff and another inmate, to assist him in identifying the John Doe defendants. (*Id*. at 3-34).

After receiving the Unusual Incident Report, Plaintiff did not identify the John Doe defendants or make any other filings in this case. On January 24, 2020, the Court issued a Decision and Order requiring Plaintiff, within 30 days, to either identify the John Doe

defendants based on the information provided in the Unusual Incident Report, or to provide to the Court and the AG's office physical descriptions of the John Doe defendants, as well as any other additional information in his possession that could aid in identification. (Dkt. 20).

Plaintiff did not comply with the Court's instructions. Instead, on February 13, 2020, he filed a motion requesting "[c]olor copies of the ID Photos of all correctional staff working at Elmira C.F. on October 14, 2015." (Dkt. 22 at 1). The Court denied Plaintiff's request for a photo array by Decision and Order dated April 29, 2020, explaining that photo array orders are "generally appropriate only where the plaintiff has provided a physical description of the defendants." (Dkt. 23 at 4). The Court again ordered Plaintiff to provide a physical description of the John Doe defendants, and warned him that if he failed to do so, his claims would be dismissed "for failure to provide information that would allow defendants to be served." (*Id.*).

Plaintiff was given until August 3, 2020, to provide the required physical description. (Dkt. 24). He again failed to do so. Instead, on August 3, 2020, he filed a motion for reconsideration of the Court's denial of his request for a photo array. (Dkt. 25).

## DISCUSSION

The Court denies Plaintiff's request for reconsideration of its denial of his request for a photo array. As the Court explained in its prior Decision and Order, the photo array that Plaintiff has requested—that is, photographs of "all correctional staff working at Elmira C.F. on October 14, 2015" (Dkt. 22 at 1)—would "create[] an unreasonable risk that Plaintiff would merely pick officers at random from the photographs presented." (Dkt.

23 at 4).  The Court's conclusion in this regard is affirmed by Plaintiff's ongoing, repeated

refusal to provide a physical description of the John Doe defendants.  In other words, if

Plaintiff has sufficient recollection of the John Doe defendants' appearances to accurately

choose them from a photo array, there is no reason (and he has proffered none) he cannot

provide a general physical description to narrow down the potential pool.  Plaintiff's

unsupported opinion that "the physical descriptions he would provide regarding the John

Doe's [sic] would be general, vague and not very helpful to specify a defendant"  (Dkt. 22

at 1) does not justify his repeated failure to comply with the Court's instructions.

Moreover, while the Court acknowledges that Plaintiff claims to have limited

knowledge of the English language (*see* Dkt. 25 at 1), it has now been nearly seven months

since the Court first ordered Plaintiff to provide a physical description of the John Doe

defendants.  In that time, Plaintiff has managed to make multiple submissions to the Court

in English.   (Dkt. 21; Dkt. 22; Dkt. 25).   Plaintiff could have included the required

information in any of these submissions but did not do so.

The Court accordingly denies Plaintiff's motion for reconsideration.   (Dkt. 25)

Further, because Plaintiff has failed, despite being given multiple opportunities, to provide

additional information sufficient to permit identification of the John Doe defendants, the

Court finds that dismissal of this action is required.  *See Valentin v. Dinkins*, 121 F.3d 72,

76 (1997) (explaining that dismissal of a complaint is warranted where, after appropriate

inquiry, the Court determines "that the information available is insufficient to identify the

defendant with enough specificity to permit service of process"); *see also Lapoint v.*

*Vasiloff*, No. 1:15-CV-185, 2016 WL 951566, at *5 (N.D.N.Y. Mar. 9, 2016) ("[T]he

- 3 -

plaintiff is ultimately required to . . . provide sufficient factual basis to allow the defendants

to successfully identify the John Doe Defendants and prepare for a defense." (quotation

omitted)).

## CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion for

reconsideration (Dkt. 25) and dismisses the Complaint without prejudice based on

Plaintiff's failure to provide sufficient information to permit identification and service of

the remaining defendants.  The Clerk of Court is instructed to close the case.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Decision and Order would not be taken in good faith, and leave to appeal to the Court

of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

Requests to proceed on appeal as a poor person should be directed, on motion, to the United

States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal

Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  August 13, 2020
         Rochester, New York